ASENATH McCLOUD, Appellant, v. D. W. BATES, Receiver, et al., Appellees.

No. 43564.

DECEMBER 15, 1936.

Elmer A. Johnson and Francis R. Fleming, for appellant.

Shannon B. Charlton and Charles J. Lynch, Sr., for appellees.

MITCHELL, J.—The case of McCloud v. Bates et al. was tried in the district court of Delaware county, Iowa, and decree was entered, dismissing the plaintiff's petition. Plaintiff appealed to the Supreme Court of Iowa and the cause was reversed. See McCloud v. Bates, 220 Iowa 252, 261 N. W. 766. Procedendo was duly issued and filed in the office of the clerk of the district court of Delaware County, Iowa, on the 24th day of September, 1935. Thereafter the plaintiff filed in said cause a motion for judgment and decree. The trial court found that the plaintiff was entitled to entry of decree only in compliance with the contract pleaded and testified to by her and tenders made by her in pleadings and testimony; and further found that upon the payment by plaintiff to the defendant-receiver of the sums of money obtained by her as dividends upon her deposits, and upon assigning to the receiver all claims to further dividends, decree would be entered in accordance with her original petition.

Plaintiff was not satisfied with this and has appealed to this court.

This is the second time that the writer of this opinion has been confronted with the record in this case, and, while a Supreme Court judge may not understand the record at the first reading, after reading it twice even he becomes familiar therewith.

Asenath McCloud in November of 1933 instituted an action in the district court of Delaware county, Iowa, against the receiver of the Delaware County State Bank and the sheriff of said county, asking that the title to certain real estate, described in her petition, be quieted as against the adverse claims of the defendants, and that a certain judgment which the receiver of the Delaware County State Bank had obtained against her husband be decreed not to be a lien upon said real estate, and that the de-

fendants be enjoined from enforcing said judgment against said described property. In her petition she alleged that she was the absolute owner of the real estate and that it had been transferred to her some time before by her husband, Edward McCloud, pursuant to an oral arrangement, in which she claimed that her husband was indebted to her in a certain amount, and in addition thereto, as a part of the consideration for the transfer by her husband to her of the 380-acre farm, she would permit any deposit which she then had in the Delaware County State Bank to be applied upon any indebtedness which her said husband then owed said bank. This was the allegation of her petition. She tendered into court the amount which she had received by way of dividends upon her deposit in the Delaware County State Bank and offered to assign and turn over to the bank her certificates in said institution. Not only did she state this in her petition but she came into open court, and, taking the witness stand, testified as follows:

"The money I refer to was deposited in the Delaware County State Bank and that is the bank to which my husband owed the money. I am willing that the dividend that is declared by the Delaware County State Bank should be applied on my husband's note, as I agreed with him it might be."

Mrs. McCloud had two certificates of deposit. One was in the sum of $2,020, and the other in the sum of $1,300. At no time during the first trial in the lower court, or during the submission of the appeal in this court, or in any of the written briefs, did Mrs. McCloud ever claim that the receiver was not entitled to the dividends she received upon the deposits she had in the bank and to an assignment of the certificates. It was upon that basis that the case was submitted in this court, and it was upon that theory that the first opinion in this case was written and the case reversed and remanded. The relief which Mrs. McCloud asked in this court in the first submission of this case was that the title to the real estate involved be quieted in her. She did not claim she had any interest in these certificates in the Delaware County State Bank, and proclaimed that a part of the consideration for the transfer of this 380-acre farm was the assignment and turning over by her of these certificates to her husband. This court said at page 256 of 220 Iowa [261 N. W. 768]:

1050

"In addition to that, she had certain money on deposit in the Delaware County State Bank, which she was turning over to her husband in consideration of this transfer."

At no time did Mrs. McCloud or her counsel make any claim that she was entitled to the dividends upon the certificates of deposit in the Delaware County Bank, until after this case had been reversed by this court and sent back to the lower court. At all times she claimed that the receiver was entitled to these dividends and she tendered them into court and so testified upon the witness stand. After the procedendo was returned from this court Mrs. McCloud asked that she be given not alone the land free and clear from any claim of the receiver, but that she also was entitled to the dividends paid upon these certificates of deposit, which she several years before had turned over to her husband as part of the consideration of the transfer of the 380-acre farm. The maxim that "he who seeks equity must do equity" has direct application to the situation here presented. Mrs. McCloud in this case seeks to uphold her title to real estate which she alleges was conveyed to her under an oral arrangement, one of the terms of which she pleads was that "she would permit any deposit which she then had in the Delaware County State Bank to be applied upon any indebtedness which the said Edward McCloud then owed said bank."

In 10 R. C. L., at pages 392-3 we find the following:

"Anyone going into a court of equity and asking its aid, whether that aid be such as could be obtained in a court of law, or whether it be of a character obtainable only in a court of equity, submits himself to the jurisdiction of the court, and in asking its aid subjects himself to the imposition of such terms as well-established equitable principles would require. This principle expressed in the form of the maxim, 'he who seeks equity must do equity,' is almost as old as the tribunal to which it applies, and since courts of equity refuse to recognize and protect equitable rights unless such rights are based on conscience and good faith, it may be regarded as one of the cardinal rules of equity. It pervades the entire field of equity jurisprudence. Thus, one who seeks by a bill in equity to rescind a contract of sale for fraud on the part of the purchaser must, as a condition precedent, offer to repay the purchase price. So where a person in peaceable possession under claim of lawful title has in good

faith paid assessments and made permanent improvements, the true owner who seeks the aid of equity to establish his title will be compelled to reimburse the occupant for his expenditures. That an infant must restore the property which he obtains on a contract where he has been guilty of deceit or fraud before he can avoid it is also the universal rule in equity. The maxim is also applicable to all complainants seeking relief from judgments against them. And the doctrine of equitable elections rests on the same principle. Where a litigant asks affirmative equitable relief, he will be required to honor the maxim, irrespective of the statute of limitations which in such cases is no bar to the imposition of equitable conditions."

The Supreme Court of the United States in the case of Central Kentucky Natural Gas Company v. Railroad Commission of Kentucky, 290 U. S. 264, 54 S. Ct. 154, 157, 78 L. Ed. 307, at pages 312-3, said:

"The power of a court of equity, in the exercise of a sound discretion, to grant, upon equitable conditions, the extraordinary relief to which a plaintiff would otherwise be entitled, without condition, is undoubted. It may refuse its aid to him who sees relief from an illegal tax or assessment unless he will do equity by paying that which is conceded to be due. * * * It may withhold from a plaintiff the complete relief to which he would otherwise be entitled if the defendant is willing to give in its stead such substituted relief as, under the special circumstances of the case, satisfies the requirements of equity and good conscience. * * * It may prescribe the performance of conditions designed to protect the rights of the parties pending appeal * * * or to protect temporarily the public interest while its decree is being carried into effect."

The appellant takes the narrow position that the trial court under the procedendo was required to enter a decree in the form prepared by her counsel regardless of her failure and refusal to perform the conditions of the arrangement pleaded by her and the offers and tenders made by her. The pleadings in which these tenders and offers are found have never been withdrawn and are the pleadings upon which the decree is asked to be entered. Her petition has never been changed; she is still before this court with that petition, asserting to the court the arrange-

ment between her husband and herself, and asserting that one of the considerations of the arrangement was the application of this bank deposit upon her husband's debt to the bank. The trial court in its ruling gave the plaintiff all that she asked in the pleadings before the court. The only condition the trial court imposed as necessary to be performed by the appellant before the entry of the decree as asked by her were conditions in exact accordance with the arrangement that Mrs. McCloud asserted in her petition had been made by her. She was required to pay over to apply upon the receiver's judgment the total amount of the dividends which she had received on the bank deposit, which she had offered into court, and to assign the remainder of that deposit to the receiver, all of which in her original petition she had said she was willing, ready and able to do. She was told that when she did that, decree would be entered.

This is not a case, as appellant seems to believe, where the lower court is refusing to carry out the judgment of this court. The trial court did not proceed, as appellant contends, to review the record and enter such decree as in its judgment it thought proper; it recognized that it was bound by the opinion of this court and gave to that opinion the only interpretation which, in the light of the record, it could receive.

The appellant also argues that she was not bound to tender into court the amounts of money received by her as dividends upon the deposit in the Delaware County State Bank. The truth of the matter is that it was Mrs. McCloud's claim that she turned over to her husband as part of the consideration for the transfer of the 380-acre farm, her certificates in the Delaware County State Bank. Until Mrs. McCloud obtained a favorable holding she deemed it material to allege as a necessary part of her cause of action, that, as a part of the consideration for the transfer of the land, she had agreed to permit the deposit she had in the Delaware County State Bank to be applied upon her husband's indebtedness to the bank; and further, to allege that she brought into court the dividends received by her on the deposits in the Delaware County State Bank and tendered the same to the receiver for application upon her husband's debt in accordance with the arrangements with her husband. She cannot now, under these facts, argue that she was not required to plead or make a tender. She was in a court of equity. She was claiming the benefits of the alleged agreement, the terms of which she set

forth. She deemed it necessary, and it was essential to her case, to plead and prove her willingness and ability to perform that agreement.

Other questions are raised which we do not deem it necessary to go into. Mrs. McCloud commenced this lawsuit. She secured the relief that she asked for. The decree which the lower court entered is just exactly what she claimed she was entitled to.

It therefore follows that this case must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.